U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

OCT 1 6 2015

TONY R. MOORE CLERK
BY _____ DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

a

**TRAVIS DENORRIS ARNOLD**
**(#18706-058)**

**DOCKET NO. 15-CV-1730; SEC. P**
**CONSOL. 15-CV-1731**
**15-CV-1732**

**VERSUS**

**JUDGE DRELL**

**MR. TREADWAY, ET AL.**

**MAGISTRATE JUDGE KIRK**

### REPORT AND RECOMMENDATION

Before the Court is the complaint of Travis Denorris Arnold, filed on May 18, 2015 pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1]. Plaintiff is proceeding pro se and in forma papueris. Plaintiff is an inmate in the custody of the United States Bureau of Prisons, incarcerated at the United States Penitentiary Pollock, in Pollock, Louisiana. He names as defendants Director of Education Mr. Treadway, Mr. Bowie, Mr. Lee, Ms. Dixon, Mr. Burns, and Warden Carvajal. Plaintiff seeks monetary damages for harassing conduct, retaliation, conspiracy to violate Plaintiff's due process rights, failure to identify himself, and hindering Plaintiff from invoking "The Crime Victims Rights Act." [Doc. #1, p.4]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28

---

[1]In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff alleges that on January 5, 2015, he was attempting to enter the education department at USP-Pollock wearing his "prescription medical dark-tinted eyeglasses." [Doc. #1, p.11] Mr. Douzart asked Plaintiff to remove his "sunglasses." Plaintiff informed him that these were his prescription eyeglasses. Plaintiff could not present a medical pass to Douzart because he was not provided one. Plaintiff was written up by Douzart for refusing to obey an order. Plaintiff asked Douzart's supervisors, Mr. Lee and Mr. Treadway, to file a report against Douzart.

On January 6, 2015, Mr. Treadway offered to drop the incident report if Plaintiff agreed not to lodge a complaint against Douzart. [Doc. #1, p.11] Plaintiff reported this "bribe" to Mr. Birmingham. Plaintiff then sent an email stating that he believed staff might physically harm him.

On February 2, 2015, and February 24, 2015, Mr. Bowie refused to allow Plaintiff to enter the law library because of the tinted eyeglasses. Bowie had been informed by the medical department that Plaintiff did not have a pass to wear the dark tinted glasses. Plaintiff claimed that he was indeed allowed to wear the glasses, and he refused to remove them. Later that day, Mr. Ventura clarified for Defendant Treadway that the prescription Plaintiff had qualified as a "medical pass" to enter the library.

2

### Law and Analysis

Plaintiff claims that he was denied access to the law library because he would not remove his tinted eyeglasses. There is no general constitutional right to access a law library. See Trevino v. Gutierrez, 426 F. App'x 327, 329 (5th Cir. 2011)(citing Bounds v. Smith, 430 U.S. 817, 821 (1977)("Bounds did not establish, however, that prisoners have a right to a law library or legal assistance.") **Rather**, "prison law libraries and legal assistance programs are not ends in themselves, but only the means for assuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" Lewis v. Casey, 518 U.S. 343, 351 (1996)(quoting Bounds, 430 U.S. at 825).

Plaintiff has not alleged that he was denied access to the courts. To state a claim for denial of access to the courts, Plaintiff would have to allege that he was unable to present a non-frivolous constitutional claim to the court, and that he suffered actual harm. See Lewis, 518 U.S. at 349. To establish that he was prejudiced by any alleged violation, Plaintiff would have to allege that his ability to pursue a non-frivolous legal claim was actually hindered by the defendants' actions. See id. at 351-52. Plaintiff has not provided any such allegations or evidence.

To the extent that Plaintiff claims he was prevented from entering the library due to retaliation, his claim fails. To state

a claim for retaliation, a prisoner must allege facts that establish (1) he exercised a specific constitutional right, (2) the defendant had the intent to retaliate against him for his exercise of that right, (3) a retaliatory adverse act occurred, and (4) causation.   In this case, Plaintiff concludes that he was not allowed into the law library in retaliation for wearing tinted eyeglasses.   He has not established that he exercised a constitutional right or that the defendant intended to retaliate against him.   If anything, he alleges a mistake or negligence by the defendants and/or the medical department in advising the defendants that Plaintiff could not wear the tinted glasses. However, Plaintiff fails to state a claim for retaliation.

Plaintiff's claim regarding his invocation of the Crime Victims' Rights Act (CVRA) 18 U.S.C. § 3771 is frivolous. The Act enumerates the rights afforded to victims in federal criminal cases. Plaintiff was the defendant convicted in a federal criminal case; he was not the victim. The CVRA is inapplicable to Plaintiff.

Plaintiff's claims of harassment and conspiracy fail, as well. Harassment claims are not actionable under §1983 or Bivens. See Bender v. Brumley, 1 F.3d 271, 274 n. 4 (5th Cir. 1993). Additionally, to establish a conspiracy claim in violation of the constitution, a prisoner must demonstrate (1) an agreement between persons acting under color of state law to commit an illegal act, and (2) an actual deprivation of the prisoner's constitutional

4

rights in furtherance of the agreement. See Hale v. Townley, 45 F.3d 914, 920 (5th Cir. 1995). Conclusory allegations of conspiracy will not support a claim. See Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992). Plaintiff has presented no allegations of an agreement between any of the defendants to violate his rights, nor has he alleged an actual deprivation, and therefore his claim is conclusory.

### Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** under 28 U.S.C. §1915(e)(2)(B) and 1915A.

### Objections

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS,**

CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _16th_ day of October, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE